SKILLMAN *v.* SKILLMAN.

On the trial of the appeal, plaintiff was sworn as a witness, and testified that the value of the property described in the writ was over $150. The defendant thereupon moved the court to quash the writ and dismiss the case.

The court held the motion under advisement, and directed the case to proceed. The defendant then introduced testimony tending to show that the property replevied was worth less than $100.

At the conclusion of the evidence, the motion to dismiss was denied, and judgment rendered in favor of plaintiff : the court having found that the property replevied was worth less than $100.

*Chipman & Weber,* for plaintiff.

*B. T. Prentiss* and *Hoyt Post,* for defendant.

The court regarding the case as within the principle of *Merrill v. Butler,* recently decided, affirmed the judgment.

---

## Louisa H. Skillman v. Jacob T. B. Skillman.

*Divorce: Dismissing case when the purpose of the litigation has terminated.* The wife filed a bill for divorce, and the court granted a limited divorce for one year only, with $250 alimony. The defendant appealed. After the year had expired, the case not having been brought to a hearing in the Supreme Court, the complainant petitioned for alimony, and for an allowance for expenses. The record was voluminous, and the court being satisfied that if the cause was proceeded in, an allowance ought to be made to the complainant exceeding the alimony allowed by the court below, refused to retain the case in court, and dismissed the appeal, with costs to complainant.

*Heard and decided May 11.*

Appeal in Chancery from Macomb Circuit.

The complainant filed her bill for a divorce, on the ground of cruelty. The Circuit Court, in August, 1867, awarded a limited divorce for one year only, with an allowance, by way of alimony of two hundred and fifty dollars.

The defendant appealed.

*E. F. Mead* and *J. B. Eldridge*, on affidavits showing the complainant's needy condition, and her inability to employ counsel, now moved for an allowance for the support of herself and child, pending the litigation, and to enable her to bring the case to a hearing.

*A. B. Maynard*, contra.

The court, after looking into the affidavits and the record — which was quite voluminous — being satisfied that if the case proceeded, an allowance ought to be made to complainant considerably exceeding the amount of the alimony allowed by the court below, and which was the only remaining subject of litigation, refused to retain the case in court, and dismissed it with one hundred dollars costs to complainant.